C

ANSWER: Yes.

1. Commission on Human Rights & Opportunties/E.E.O.C.
   Filed December 3, 2001
   Jurisdiction Released-August 21, 2002

2. State of Connecticut, Department of Corrections
   Filed July 16, 2002
   Pending at Hartford District Court

3. Worker's Compensation
   Filed on or about October 2001

14. Please describe in detail the emotional distress, mental anguish, pain and suffering, and humiliation you have suffered as a result of the defendants' actions as alleged in your complaint including but not limited to all bases for your contention that defendants intentionally or negligently inflicted emotional distress upon you. Please specify which of defendants' actions are intentional and which are negligent. Identify any documents relied upon, referred to or related to in your response to this interrogatory.

ANSWER: See response to answer #6. There are no negligent actions claimed by the plaintiff. The statements in the PRIDE AT WORK newsletter were intentionally made, and are malicious and false. Furthermore, there was an intentional circulation of the newsletter.

15. Please specify each and every incident referred to in paragraph 9 of plaintiff's complaint that substantiates her allegation that she was subjected "to inappropriate, sexual, unwelcome, intimidating and harassing conduct" specifically including, but not limited to the following information:

    (a) The nature of the inappropriate conduct;

    (b) The date, time and place of the conduct;

    (c) The person who acted inappropriately;

    (d) Each and every person who has knowledge or information concerning that conduct including name, address and telephone number.

ANSWER:  9a.(a) While the plaintiff and CO Baker were on duty at HCC, he approached her and indicated her wanted to insert his nightstick into her vagina. He stated "she was the only white female he wanted to perform this sexual act on."

9a.(b) Exact date and time is unknown. The offense occurred at Hartford Correctional Institution sometime in the year 2001.

9a.(c) CO Marion Baker.

9a.(d) Plaintiff

9b.(a) Co Waterman approached the plaintiff during roll call and brushed his hands across her knees, indicating that she had dirty knees from performing sexual acts on one of the captains in the correctional facility.

9b.(b) Exact date and time is unknown. The offense occurred at Hartford Correctional Center in the fall of 2001.

9b.(c) CO Jim Waterman

9b.(d) Plaintiff

9c.(a) CO Waterman and CO Baker made vulgar and sexually explicit remarks towards the plaintiff.

9c.(b) Exact dates and times are unknown. The offenses occurred at Hartford Correctional Institution at various times in the year 2001.

9c.(c) CO Baker and CO Waterman

9c.(d) Plaintiff

16. Please state each and every time plaintiff made a formal and/or informal complaint concerning the conduct referred to in Interrogatory 15 above, specifically including, but not limited to the following information:

   a) Date of each alleged complaint;

   b) Subject matter of the complaint;

   c) Nature and details of such complaint;

   d) Name, address and telephone number of each person to whom plaintiff

complained and who, to plaintiff's knowledge, information or belief, possesses knowledge of, about or relating in any way to such complaint, and the nature of such knowledge.

ANSWER: The offense pertaining to CO Baker was reported to Captain Case sometime in the year 2001, the exact date and time being unknown. The plaintiff reported the offense as outlined in paragraph 9a of the complaint.

17. Please state each and every fact to support plaintiff's allegation in paragraph 11 of her complaint that "Warden PETER MURPHY, Captain TODD CASE, and other administrator within the Hartford Correctional Center facility had knowledge of the existence of said sexist a malicious newsletter but did nothing to investigate its source, thereby implicitly facilitating its distribution and circulation throughout the correctional facility."

ANSWER: The Hartford Correctional Center is a secured state correctional facility. The distribution of correspondence and published material inside of the facility is regulated by DOC policy. Moreover, please refer to correspondence from Commissioner Armstrong to Al Chiucarello of AFSCME, dated January 4, 2002.

18. Please identify and describe in detail each fact regarding and substantiation for loss and suffering for each and every allegation in the Complaint, including but not limited to, economic harm, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation.

ANSWER: See response to answer #6.

19. Please state each and every fact relied upon by plaintiff to support her allegation in paragraph 18 that "Connecticut Department of Correction officials knew, or had reason to know about the hostile environment, and despite knowing or having reason to know about said

*[handwritten: ask]*