UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERESA TRAINOR | : | CIVIL ACTION NO. 3:02CV1230 (AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF CORRECTION | : | |
| *Defendant* | : | MAY 13, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

The defendant, State of Connecticut Department of Correction ("DOC") moves to strike the hearsay portions of plaintiff's March 25, 2003 affidavit, submitted in opposition to the defendant's motion for summary judgment in this case. The DOC further moves to strike any reliance upon plaintiff's exhibit 3 to her opposition, a report by the Commission on Human Rights and Opportunities ("CHRO"), as not material evidence, hearsay, and more prejudicial than probative. Both pieces of evidence would not be admissible at trial, and neither should be permitted to be utilized in the adjudication of defendant's summary judgment motion.

I.  **ARGUMENT**
    A.   **Legal Standards**

Federal Rules of Civil Procedure 56(e) provides that affidavits made upon personal knowledge, deposition transcripts, and interrogatory answers are permitted evidence to accompany a motion for summary judgment. Federal Rule of Civil Procedure 56(e) provides, in pertinent part, that: "Supporting and *opposing* affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Because a summary judgment is really a "trial on the papers,"

all submitted evidence in support of a motion for summary judgment must be <u>evidence</u> that would be admissible at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548 (1986).  Therefore, on a summary judgment motion, the district court properly considers only <u>evidence</u> that would be admissible at trial.  *Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 164 f. 3d 736, 746 (2d. Cir. 1998).  Although the evidence does not need to be in the <u>form</u> required to be admissible at trial, it must be admissible evidence.  *Celotex*, 477 U.S. at 324; *McMillian v. Johnson*, 88 F. 3d 1573, 1584 (11th Cir. 1996), *aff'd* 520 U.S. 781, 117 S. Ct. 1734 (1997) ("otherwise admissible evidence" may be submitted "in inadmissible form at the summary judgment stage, though at the trial it must be submitted in admissible form.")

"Hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial…" *Eisenstadt v. Centel Corp.*, 113 F. 3d 738, 742 (7th cir. 1997); *See also*, *Hartsel v. Keys*, 87 F. 3d 795, 803 (6th Cir. 1996); *Fowler v. Smith*, 68 F. 3d 124, 126 (5th Cir. 1995); *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F. 3d 560, 562 (7th Cir. 1996); *Evans v. Technologies Application & Service Co.*, 80 f. 3d 954, 962 (4th Cir. 1996); *Schwimmer v. Sony Corp. of America*, 637 F. 2d 41, 45 n.9 (2d. Cir. 1980).

If the content of the witnesses' testimony is hearsay, then it is not admissible either at trial or for summary judgment purposes, unless it falls under a hearsay exception.  *Jacklyn v. Scheiring – Plough Healthcare Products*, 176 F.3d 921, 927 (6th Cir. 1999) ("Hearsay evidence may not be considered on summary judgment.") "Hearsay testimony . . . that would not be admissible if testified to at the trial may not properly be set forth in [the Rule 56(e)] affidavit." *H. Sand & Co., Inc. v. Airtemp Corp.*,

934 F.2d 450, 454-55 (2d Cir. 1991) (internal citations and quotation marks omitted; alterations in original).  *See also Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001) and cases cited therein.  The proponent of the evidence bears the burden of establishing its admissibility.  *United States v. Robbins*, 197 F.3d 829, 838 (7th Cir. 1999); *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir.), cert. denied, 528 U.S. 906 (1999); *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986).

    B.    **Plaintiff's Affidavit is Replete with Inadmissible Hearsay**.

In paragraphs 12, 16, 18 through 21 of her affidavit, plaintiff sets forth hearsay hearsay evidence by her coworkers and anonymous coworkers.[1]  She first attests to purported statements by her fellow correctional officers ("CO") Waterman (¶12) and Jalbert (¶16).  In paragraphs 19, 20, and 21, she then attests to purported statements by <u>unnamed</u> correctional officers and a "senior ranking officer".  Out-of-court statements submitted for the truth of the matter, by named and unnamed individuals is inadmissible hearsay, and thus must be stricken.  *See, e.g., Santos, supra*, 243 F.3d at 684.  Moreover, low-level employees and anonymous statements cannot be attributed as admissions of the DOC.  *See* Federal Rule of Evidence 801(d)(2); *Evans v. Port Authority of New York*, 192 F. Supp.2d 247, 262-264 (S.D.N.Y.), *decision reaffirmed on reconsideration*, 2002 U.S. Dist. LEXIS 1596 (2002).

    C.    **The CHRO "Report" is Inadmissible and Unduly Prejudicial.**

Plaintiff seeks to use a CHRO advisory report as "evidence" of one of the ultimate legal issues before this Court:  did the plaintiff suffer from an unlawful hostile work environment by virtue of her gender?  Plaintiff, by appending the

---

[1] Plaintiff's Affidavit also is completely contradicted by her deposition testimony.  That discrepancy is further explored in Defendant's Reply Brief in Support of Summary Judgment.

3

CHRO report to her opposition (and presumably as support for ¶4 of her affidavit), seeks to have this Court adopt, as <u>evidence</u>, CHRO's conclusion that "sexual harassment is pervasive at DOC". *See* plaintiff's affidavit ¶4; CHRO report at 70. By its very terms and purpose, the CHRO Report is inadmissible as evidence in this matter. Moreover, this Court should reject plaintiff's attempt to misapply the Report's purpose into a binding conclusion of law.

    1.    The Purpose of the CHRO Report Was to Advise DOC on How to <u>Improve Its Procedures For Handling Harassment Complaints</u>.

In response to pending CHRO complaints, and at least two federal lawsuits, the Commission on Human Rights and Opportunities ("CHRO"), in conjunction with the Labor Committee from the State Senate, initiated "fact-finding" hearings pursuant to CHRO's authority under Conn. Gen. Stat. §§ 46a-54 and 56, and Conn. Agencies Regs. § 46a-54-18. *See* CHRO report at 1-2. The stated purpose of the hearing (and subsequent report) was to make recommendations to agencies and officers of the state to effect the policies of the anti-discrimination state statutes. CHRO report at 2.

By its express terms, <u>neither</u> the hearing <u>nor</u> its report was intended to "<u>resolve any of the individual complaints</u>" presented to the Commission during the conduct of its fact-finding hearing. CHRO Report at 4 (emphasis in original). The report solely presented complainants' testimony regarding their allegations of sexual harassment and the administration's views as to how complaints were handled. It did not seek any testimony or evidence regarding the merits of any of the complainant's claims, and did not gather any testimony or evidence from any parties who purported took part in any allegedly harassing conduct.

4

In its Report, the CHRO found fault with DOC's procedures and processes for the handling of sexual harassment complaints. The CHRO Report specifically and deliberately did not opine on the merits of any individual plaintiff's claims. *See* CHRO report at 4, 69-73. The report concludes with suggestions for DOC to improve its process for handling sexual harassment complaints. Id.

    2.    <u>Plaintiff Teresa Trainor Had No Role in the CHRO Hearing</u>.

The plaintiff in this instant action was <u>not</u> a witness at the CHRO public hearing, nor did CHRO entertain evidence regarding plaintiff's claims raised in this litigation. None of the individuals involved in plaintiff's allegations testified before the CHRO. The only testimony sought or solicited from the DOC were questions of process, from the then-Commissioner of Correction John Armstrong, and officials from DOC's Affirmative Action Office and Personnel Office. With the exception of former Commissioner Armstrong, even the individuals referred to in plaintiff's complaint are not referenced anywhere in the CHRO Report.

Moreover, the purpose of the CHRO report was to improve procedure. In the case at bar, plaintiff failed to utilize the well-established, known procedure for sexual harassment complaints. *See* plaintiff's deposition at 74-75, 77. Thus the purpose of the CHRO report is in direct contradiction to plaintiff's situation.

    3.    <u>The CHRO Report is Based upon Inadmissible Hearsay</u>.

In both its conclusions and its discussion, the CHRO report is replete with hearsay that does not fall under an admissible exception to the hearsay rule. By definition, the hearing panel members and authors of the CHRO report lacked personal knowledge regarding any of the allegations espoused at the hearings.

Rather, the CHRO conducted a hearing on allegations and procedures. DOC was not permitted to cross-examine the witnesses. The CHRO simply assumed that the complainants' allegations were true, and made recommendations on how the procedures could be improved. Both the hearsay references and the conclusions drawn from them should be stricken and deemed inadmissible for purposes of this summary judgment motion.

    4.    <u>Plaintiff Improperly Seeks to Use the Report As An Adjudication of The Merits of Her Claims.</u>

Plaintiff proffers the CHRO report in this lawsuit for the Report's conclusion that "sexual harassment is pervasive at DOC", presumably for the purpose of showing that if sexual harassment is "pervasive" at DOC, she must have been sexually harassed. *See* plaintiff's affidavit ¶4; plaintiff's opposition to summary judgment at 4-5. Thus, plaintiff improperly seeks to enter evidence of other purported "crimes, wrongs or acts" as evidence that a "crime, wrong or act" occurred in her situation. <u>Id</u>. Such evidence is expressly not permitted for that purpose. *See* Federal Rule of Evidence 404.

Moreover, if the Court allows the CHRO report to be entered into evidence that "sexual harassment is pervasive at DOC" or any of the specific factual allegations reported therein, the Department of Correction then will be put in the position of being required to put on evidence to rebut each and every allegation and finding in the report, an exercise that CHRO expressly avoided, and in contradiction to the whole purpose of the Report. To the extent that there was no opportunity for cross-examination or the presentation of rebuttal evidence at the CHRO advisory hearing, the attempt to use this report as determinative of the underlying issue is improper. *See* Federal Rule of Evidence 201 and note to subdivision (b).

6

Specially, in order to rebut the report's conclusions that "sexual harassment is pervasive at DOC" (a conclusion DOC strenuously denies), DOC would have to produce witnesses and other evidence regarding the myriad of cases that have nothing to do with plaintiff's claims, in order to show that there were legitimate non-discriminatory reasons for taking action against some of the women mentioned in the report. Many of the factual allegations set forth in the CHRO report have been presented in other individual cases pending in state and federal court, and those cases are not and should not become a part of this case.

Further, this is not a class action and the plaintiff does not present a class of employees who allege that they have been sexually harassed. The CHRO report does not constitute a final adjudication of discrimination against the DOC for sexual harassment. This Court should not permit a document such as the CHRO report as "evidence" that plaintiff suffered sexual harassment, nor is it probative of the same.

Finally, even if the report was not replete with hearsay, was not being used to preempt the ultimate legal issue before this court, or had even considered plaintiff's specific allegations, the CHRO Report should be precluded pursuant to Rule 403 of the Federal Rules of Evidence. The report is prejudicial and its probative value is substantially outweighed by the unfair prejudice that it presents. *See Manuel v. City of Chicago*, 335 F.3d 592, 596-97 (7th Cir. 2003). This CHRO Report, if allowed as "evidence," will have an adverse effect upon the defendant "beyond tending to prove the fact or issue that justified its admission into evidence." *State v. Graham*, 200 Conn. 9, 12 (1986) *quoting United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).

**CONCLUSION**

For the foregoing reasons, the defendant respectfully requests that plaintiff's inadmissible evidence proffered in her opposition to summary judgment be stricken.

        DEFENDANT
        STATE OF CONNECTICUT
        DEPARTMENT OF CORRECTION

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

BY: _____
        Jane B. Emons
        Assistant Attorney General
        Federal Bar No. ct16515
        55 Elm Street, P.O. Box 120
        Hartford, CT  06141-0120
        Tel: (860) 808-5340
        Fax: (860) 808-5383
        Jane.Emons@po.state.ct.us

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 13th day of May, 2004 to:

William H. Paetzold, Esq.
Moriarty & Paetzold, LLC
140 Hebron Avenue, Suite 102
Glastonbury, CT 06033

Kevin A. Randolph, Esq.
15 Mountford Street
Hartford, CT  06114

        _____
        Jane B. Emons
        Assistant Attorney General