UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERESA TRAINOR | : | CIVIL ACTION NO. 3:02CV1230 (AWT) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF CORRECTION | : | |
| *Defendant* | : | MAY 14, 2004 |

### DEFENDANT'S REPLY BRIEF TO PLAINTIFF'S
### OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

The Department of Correction ("DOC" or "defendant") submits its reply brief in support of its motion for summary judgment in this matter. As a matter of law, based upon the material facts not in dispute, DOC is entitled to judgment in its favor.

In her opposition, plaintiff does not dispute the legal standards and case authority set forth in DOC's memorandum in support of its motion. Left arguing the undisputed facts, plaintiff concedes the material facts regarding the finding, investigation and handling of the anonymous newsletter. Because DOC's actions in response to the anonymous newsletter were prompt and appropriate, the anonymous newsletter simply cannot support plaintiff's claims.

Thus plaintiff primarily relies upon her new affidavit to raise additional fact instances of co-worker harassment in support of her claim of a hostile environment.[1] These additional instances either are newly-minted and were omitted from her CHRO

---

[1] She also raised an issue of purported supervisor harassment, for in her opposition, plaintiff raised her 1994-95 consensual relationship with her supervisor. *See* plaintiff's deposition at 29-36; plaintiff's affidavit ¶¶ 5, 6; plaintiff's opposition at 7. Both plaintiff and her supervisor were disciplined in the exact same fashion for violating DOC policy 2.17 prohibiting a supervisor and subordinate in a relationship from working on the same shift at the same institution. Reply Exh. E. In 1999, her supervisor applied for and was promoted. Reply Exh. F. Plaintiff has never applied for a promotion.

complaint, her discovery responses and her complaint in this lawsuit. Other of these instances are directly contradicted by her deposition testimony and discovery responses. However, even if the instances of co-worker harassment over a seven-year period were four rather than two, they remain insufficient as a matter of law to support plaintiff's hostile work environment claim. Moreover, plaintiff was well aware of the proper procedures to make her supervisors aware of her allegations and failed to utilize them, and thus her co-worker's actions cannot be imputed to DOC.

Finally, plaintiff relies upon an advisory report from the Commission on Human Rights and Opportunities ("CHRO") for the proposition that "sexual harassment is pervasive at DOC" and that filing a complaint would be futile. *See* plaintiff's opposition at 2, 4-5, 6-7. For the reasons set forth in defendant's motion to strike filed May 13, 2004, plaintiff's reliance upon the CHRO advisory report is improper, and the arguments and authority set forth in the memorandum in support are incorporated herein.

### A.     **The Anonymous Newsletter Does Not Support Plaintiff's Claim**.

The plaintiff, in essence, relies upon a single anonymous newsletter as proof of the severity of her alleged harassment. *See* opposition at 5-6. Although plaintiff argues alleges that DOC did nothing for three months in response to the anonymous newsletter (*see* opposition at 8), her concessions in the Local Rule 56(a)(1) statement (the Statement of Material Facts Not in Dispute, or "SMF") completely undermine her argument. *See* plaintiff's responses to SMF ¶¶ 20-30.

With respect to the facts regarding the anonymous newsletter and DOC's response thereto, with a few exceptions, plaintiff either admits the facts, or "lacked" sufficient knowledge to admit or deny the allegations and "left" the defendant to its

proof. See plaintiff's responses to SMF ¶¶ 7-30. To the extent plaintiff "lacked sufficient knowledge", those facts are deemed admitted as a matter of law, because an "insufficient knowledge" response is clearly outside of the scope established by Local Rule 56(a)2. As explained by Judge Hall,

> Unlike the Federal Rule for answering a complaint, Local Rule 9(c)(2) [now renumbered as Local Rule 56(a)(2)] does not permit a non-movant to claim that he lacks sufficient knowledge to admit or deny a factual assertion. Compare Fed. R. Civ. P. 8(b)("If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial."), with D. Conn. Loc. R. Civ. P. 9(c)(2)("The papers opposing a motion for summary judgment shall include a document . . ., which states . . . whether each of the facts asserted by the moving party is admitted or denied."). A party responding to a motion for summary judgment presumably has conducted discovery and shall have a reasonable, factually supported basis to admit or deny any factual assertions made in the case. Therefore, the court considers admitted any statement with which the plaintiff lacks sufficient knowledge to agree or disagree. See D. Conn. Loc. R. Civ. P. 9(c)(1)("All material facts set forth in [movant's] statement will be deemed admitted unless controverted by the statement required to be served by the opposing party."); Cooper v. Ragaglia, 3:96CV-530(EBB), 1999 WL 1067680, at *2 (D. Conn. Oct. 19, 1999)("The purpose of a Rule 9(c)(2) Statement is to make affirmative statements which will aid and inform the Court.").

Hogan v. Judicial Branch, 220 F. Supp. 2d 111, 115 n.1 (D. Conn. 2002), affd, Hogan v. Conn. Judicial Branch, 203 U.S. App. Lexis 7410 (2d Cir. 2003).

With respect to the underground newsletter, plaintiff strategically denies SMF ¶¶ 13-15 (whether DOC knew who wrote the newsletter, and whether Murphy or Armstrong had any role in the newsletter); 27 (whether CIU conducted an investigation); and 30 (whether plaintiff had ideas on how DOC should eradicate underground newsletters). All five denials lack sufficient basis, and thus, likewise, must be taken as admitted.

In her denial of SMF ¶ 13, plaintiff cites to the underground newsletter (her Exhibit 2) for the proposition that DOC "knew" who wrote it. The plaintiff's citation to "Defendants' Exhibit 2" in ¶ 3 simply does not amount, in any meaningful way, to an appropriate denial, nor evidence of who did write it. For SMF ¶¶ 27 (the CIU investigation) & 30 (means of prevention), plaintiff simply denies it, without reference to any countervailing evidence.[2] Although plaintiff alleges that DOC failed to investigate the newsletters author's identity (Rule 56(a)(2) Statement of Disputed Facts ¶ 10), plaintiff has either admitted outright or admitted by leaving defendant to its proof that an investigation into the offensive and inappropriate newsletter was nearly immediate. See plaintiff's responses to SMF ¶¶ 21-28.

For her general denials, plaintiff fails to provide the court with "a specific citation to (1) the affidavit of a witness competent to testify to the facts at trial and/or (2) evidence that would be admissible at trial "as required by Local Rule Civ. P. 56(a)3. As such, the above-referenced paragraphs (as well as her other unsupported denials in ¶¶ 48 & 50) must be deemed admitted. See attached ruling on Motions for Summary Judgment, Gaunichaux v. DCF, 3:00CV0392(EBB), dated October 4, 2002; Brown v. Western Connecticut State University, 3:01CV1017(JBA), dated July 10, 2003; and Coger v. Department of Administrative Services, 3:98CV1593(EBB), dated March 12, 2004.

For SMF ¶¶ 14-15, plaintiff cites her deposition transcript at 63-65 – those citations support the facts alleged; they do not contradict them. Moreover,

---

[2] Plaintiff admitted SMF ¶ 30 during her deposition. Plaintiff's dep. 114-116.

plaintiff conveniently ignores her testimony at 63-65, 100-01, 109-116.[3] Plaintiff's admissions of SMF ¶¶12, 17, and 19 further undermine her denials of SMF ¶¶ 14 & 15. There simply is absolutely no evidence anywhere that Murphy or Armstrong had any role whatsoever in the writing, publishing or dissemination of the underground newsletter, and plaintiff notably proffers no evidence to the contrary.

In essence, plaintiff seeks to hold DOC liable for the mere existence of an underground, anonymous newsletter, despite plaintiff's admissions that DOC immediately responded to the newsletter, well before plaintiff filed her CHRO complaint. *See* plaintiff's responses to SMF ¶¶ 20-30. As set forth in Alfano v. Costello, 294 F.3d 365, 379 (2d Cir. 2002), an employer is not liable for the mere existence of an anonymous, underground newsletter. *See also* Gibson v. Crucible Materials Corp., 290 F. Supp. 2d 292 (N.D.N.Y. 2003); Dawson v. County of Westchester, 274 F. Supp. 2d 364 (S.D.N.Y. 2003) (two anonymous inmate letters with sexually explicit comments do not establish a hostile work environment).[4]

**B.   Plaintiff's New Allegations of Co-worker Harassment Are Improper and Should be Disregarded.**

In an effort to bolster her allegations of pervasive sexual harassment, the plaintiff, by means of her affidavit (Plaintiff's Exhibit 4) and the CHRO Report (Plaintiff's Exhibit 3), has introduced "new" facts not previously raised in her

---

[3] For the Court's convenience, the complete deposition transcript is at Reply Exh. A.
[4] Plaintiff's citation to Howley v. Town of Stratford, 217 F.3d 141 (2d Cir. 2000) is misplaced. See opposition at 5. Unlike Howley, here DOC has no knowledge as to the author of the newsletter. The identity of an unknown author and his words, investigated diligently but without success, cannot be imputed to DOC.

5

Deposition (Reply Exh. A), CHRO Complaint (Reply Exh. B), Complaint (Reply Exh. C) and Responses to Interrogatories and Requests for Production (Exh. D). Such "new" facts include but are not limited to references to Dennis Jalbert (¶ 7, ¶ 14, ¶ 16, Affidavit), comments by Captain Case (¶11 Affidavit), a reference to Walter King (¶10 Affidavit) and fear of reporting incidents (¶ 14, ¶ 15 Affidavit).

"It is black letter law that affidavits which contradict prior deposition testimony are disregarded on summary judgment motions." EEOC v. Johnson & Higgins, Inc., 1998 U.S. Dist. LEXIS 17612 (S.D.N.Y. 1998). "It is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment." Id., *citing*, Mack v. United States, 814 F.2d 120, 124 (2d Cir. 1987); Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997) ("We follow the rule that 'a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.'"); Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996). Thus plaintiff cannot escape her sworn deposition testimony by means of her affidavit.

When asked in her deposition to specify each and every incident of "inappropriate, sexual, unwelcome, intimidating and harassing conduct," the plaintiff responded as follows:

> Q: You indicated in 9c that on diverse dates, dates unknown, Waterman and Baker made vulgar and sexually explicit remarks towards you. When were those comments made?
>
> A: I don't know.
>
> Q: You have no idea? Okay. What types of comments were they? Things you've already told me about?

6

      A:    Correct.

      Q:    Okay.  Anything else?

      A:    No.

      Q:    Any other people engaged in that kind of behavior with you that you have neglected to indicate?

      A:    No.

Plaintiff's dep. 83.  Plaintiff only references CO Waterman and CO Baker.[5] Plaintiff failed to mention either Dennis Jalbert or other incidents that plaintiff now claims in her affidavit.  In fact, the only reference to CO Jalbert appears on page 121 of plaintiff's deposition wherein she claims that Jalbert was present when Waterman made remarks to her.

    Clearly inspired by the CHRO report, the plaintiff suddenly introduced a new claim that she was "afraid" to file a report of sexual harassment.  See plaintiff's affidavit ¶¶ 14, 15.  This claim is notably absent from her CHRO complaint, the complaint in this matter, her discovery responses, and all of her deposition testimony regarding reporting of incidents (or lack thereof).  Plaintiff is precluded from raising brand-new claims in an opposition to a dispositive motion. Moreover, plaintiff cannot survive summary judgment by mere allegations or conclusory statements.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Champion v. Artuz, 76 F.3d 483, 485 (2d Cir. 1996); Parker v. Chrysler Corp., 929 F. Supp. 162, 165 (S.D.N.Y. 1996).

---

[5] See also plaintiff's response to interrogatory #15 (attached as Reply Exh. D).

### C.   Imputing Hostile Environment to DOC

The plaintiff, by her own admission, never filed a sexual harassment complaint despite having more than reasonable avenues for complaint. She has acknowledged that DOC had numerous avenues for complaints and she acknowledged receiving training on the affirmative action process. Plaintiff's responses to SMF ¶¶ 31-37, 39, 40, 48. There is absolutely no evidence that DOC knew of her complaints and failed to act.

Plaintiff denies that she only filed an incident report regarding her workers' compensation claims (SMF ¶37, 2d sentence), and in her affidavit contends that she filed a "written report" regarding Waterman, but withdrew it. Aff. ¶ 16. DOC has no record of the report (see Murphy affidavit ¶ 24), plaintiff has never produced a copy of the alleged report, and it is her burden to do so. *See*, Gauninchaux, supra, Brown, supra, and Coger, supra.

In ¶ 11 of the affidavit, the plaintiff states, "I tried to report Baker's conduct on one occasion to Captain Todd Case, however, Case failed to resolve the matter and stated 'that's just Big Daddy's way' referring to Baker." That is contrary to her testimony at deposition wherein she stated she verbally reported Baker's conduct to Captain Case because she wanted the matter handled informally. See plaintiff's dep. 72-75. The plaintiff has admitted that since 2001, she has had no further contact with CO Baker. Plaintiff's response to SMF ¶ 44.

As set forth above, plaintiff's claim that DOC delayed its investigation into the newsletter is simply false. *Compare* opposition at 8 *with* plaintiff's responses to SMF ¶¶ 20-30. Finally, to suggest that DOC should be liable to plaintiff for

8

failing to search its 7000 employees as they report to duty for possession of such material is simply ludicrous.  *See* opposition at 8.

### **CONCLUSION**

For all the foregoing reasons, plaintiff's opposition to defendant's motion for summary judgment is not based on facts but is based on pure conclusory allegations as presented by the plaintiff.  Wherefore, defendant's motion for summary judgment should be granted.

                                          DEFENDANT
                                          STATE OF CONNECTICUT
                                          DEPARTMENT OF CORRECTION

                                          RICHARD BLUMENTHAL
                                          ATTORNEY GENERAL


BY: _____
      Jane B. Emons
      Assistant Attorney General
      Federal Bar No. ct16515
      55 Elm Street, P.O. Box 120
      Hartford, CT  06141-0120
      Tel: (860) 808-5340
      Fax: (860) 808-5383
      Jane.Emons@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing Defendant's Reply Brief to Plaintiff's Opposition to Motion for Summary Judgment was served in accordance with Rule 5(b) of the Federal Rules of Civil Procedure by first-class mail, postage prepaid, on this 14th day of May, 2004 to:

William H. Paetzold, Esq.
Moriarty & Paetzold, LLC
140 Hebron Avenue, Suite 102
Glastonbury, CT 06033

Kevin A. Randolph, Esq.
15 Mountford Street
Hartford, CT 06114

_____
Jane B. Emons
Assistant Attorney General