UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TERESA TRAINOR | : | Civil Number 3:02CV1230(AWT) |
| v. | : | |
| STATE OF CONNECTICUT DEPARTMENT OF CORRECTION | : | June 21, 2004 |

**PLAINTIFF'S REPLY TO DEFENDANT'S MOTION TO STRIKE**

The plaintiff, Teresa Trainor, moves this Court to deny Defendant's

Motion to Strike Inadmissible Evidence Proffered in Plaintiff's Opposition to Motion for

Summary Judgment.  Plaintiff asserts the statements and reports sought to be struck are

admissible evidence.

I.      **INTRODUCTION**

The defendant seeks to preclude from the Court's consideration of whether

to grant summary judgment certain portions of the plaintiff's affidavit and a CHRO report

attached to the Plaintiff's opposition motion.  Specifically, the defendant wants to

preclude (1) statements made to Plaintiff by identified fellow correctional officers which

are probative of sexual harassment and; (2) findings of a hostile environment at the

Department of Corrections by the Connecticut Commission on Human Rights and

Opportunities.  Plaintiff asserts that neither the hearsay rule nor any other rule of evidence

precludes the admission of such evidence at trial.

II.     **ARGUMENT**

1

Statements made to the plaintiff by fellow correctional officers are not hearsay. Published investigative findings by the Connecticut Commission on Human Rights and Opportunities are public reports and therefore fall within a well recognized exception to the hearsay rule.

A.    The hearsay rule aims to preclude untrustworthy and unreliable evidence.

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "The solution evolved by the common law has been a general rule excluding hearsay but subject to numerous exceptions under circumstances supposed to furnish guarantees of trustworthiness." Fed. R. Evid. Article VIII, Advisory Committee Notes. Exceptions to the hearsay rule rest upon the theory that "under appropriate circumstances a hearsay statement may possess circumstantial guarantees of trustworthiness sufficient to justify non-production of the declarant in person at trial even though he may be available." Fed. R. Evid. 803, Advisory Committee Notes. Statements made to Plaintiff were not hearsay. CHRO findings are squarely exceptions to the hearsay rule.

B.    Statements made to the Plaintiff are not hearsay.

Admissions are not hearsay and are therefore admissible. Paragraph 12 of Plaintiff's Affidavit states:

> Between 1994 and 2001, CO James Waterman would frequently discuss his sordid, sexual encounters with a nurse who is employed at the Department of Corrections.

Waterman is an agent of the Department of Corrections. He made the statements in

Plaintiff's presence.  Therefore, Waterman's statements are admissions.[1]

    1.    <u>Conversations involving Plaintiff and another identified correctional officer are not hearsay</u>.

Paragraph 16 of Plaintiff's Affidavit reads as follows:

> I did file a written report concerning CO Waterman's conduct.
> However, CO Jalbert asked me to rescind the incident report,
> and he stated that if I did, he would talk to Waterman about his
> conduct.  I refused to rescind the report.

Plaintiff claims that female officers were discouraged from filing reports and that such active discouragement infused a hostile work environment with subtle intimidation.  Jalbert's comments constitute admissions and are probative of efforts to derail complaints.  His comments are clearly admissible.

Paragraph 18 states that Plaintiff once told another female correctional officer to report an offending newsletter to the warden.  The plaintiff's own statements are not hearsay.  They are not offered to show the truth of the matter asserted in the statement, (i.e. that the newsletter was offensive), but to show that another female correctional officer may have considered filing a complaint.  Therefore, it is admissible.

    2.    <u>Conversations with unidentified correctional officers are hearsay, but the exclusion of those statements from consideration of Plaintiff's opposition motion is harmless</u>.

Plaintiff concedes that conversations with unidentified correctional officers won't pass through the gates of trustworthiness undetected by the hearsay rule.  The conversations between Plaintiff and fellow correctional officers contained in

---

[1]  Federal Rule of Evidence 801(d)(2)(D) defines admissions as non-hearsay and reads in pertinent part, "**Admission by party opponent.**  The statement is offered against a party and is (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.

Paragraphs 19 - 21 of Plaintiff's Affidavit concern Plaintiff's conversations with other

correctional officers who told her they saw offensive newsletters in their institutions. The

exclusion of such statements is harmless.  Copies of such newsletters are included in

Plaintiff's opposition motion and may be submitted as evidence of a sexually hostile

work environment.  Such documentary evidence is plainly admissible.

>    C.     Portions of the CHRO report are admissible.

"Most circuits that have considered the issue have left the question of

whether to admit EEOC or state-agency findings to the sound discretion of the trial

court." Paolitto v. John Brown E. & C. Inc., 151 F.3d 60, 65 (2d Cir. 1998). *See also*

Hall v. Western Production Co., 988 F.2d 1050, 1057-58 (10th Cir. 1993). "[I]n civil

actions, agency reports are admissible under Fed. R. Evid. 803(8)(C) if they are prepared

pursuant to authority granted by the agency by law and are trustworthy.[2] " "This rule

covers both factual findings and conclusions and opinions found in evaluative reports of

public agencies." Hall at 1057-58 (internal quotation marks omitted). *See* also Barfield

v. Orange County, 911 F.2d. 644, 650 (11th Cir. 1990) (EEOC report admissible unless

the sources of information or other circumstances indicate a lack of trustworthiness.")

The portions of the CHRO report attached to Plaintiff's Opposition Memorandum include

agency conclusions about a sexually hostile environment at DOC, interviews with female

---

[2]  Federal Rule of Evidence 803(8)(C) is a hearsay exception and reads, **"Public records and reports.**
Records, reports statements or data compilations, in any form, of public offices or agencies, setting forth
(A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to
which matters there was a duty to report, excluding, however, in criminal cases matters observed by police
officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the
Government in criminal cases, factual findings resulting from an investigation made pursuant to authority
granted by law, *unless the sources of information or other circumstances indicate lack of trustworthiness.*
(italics added).

correctional officers concerning incidents of sexual harassment, and factual

determinations about the DOC's processes, policies and procedures for handling

complaints. The factual findings are clearly admissible. The complaints made by female

correctional officers constitute evidence of a sexually hostile work environment and need

not be offered for 'the truth of the matter asserted in the complaints.' In other words, the

fact that numerous complaint were filed is probative evidence of a hostile environment.[3]


## III.     CONCLUSION

Based on the foregoing, the plaintiff urges this Court to deny the

defendant's requests contained in the Reply.

<div style="margin-left:50%">

The Plaintiff,
By her Attorneys


William H. Paetzold (ct0074)
Moriarity, Paetzold & Babcock
140 Hebron Avenue
Glastonbury, CT 06033
Tel. (860) 657-1010
Fax (860) 657-1011


Kevin A. Randolph (ct15547)

</div>

---

[3] "A hostile environment claim will succeed only where the conduct at issue is so severe or pervasive as to create an objectively hostile or abusive work environment and the victim subjectively perceives the environment to be abusive." Richardson v. New York State Department of Correction Services, 180 F.3d 426, 436 (2d Cir. 1999).

57 Pratt Street, Suite 813
Hartford, CT 06103
Tel. (860) 522-7004
Fax (860) 522-9009

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing reply was mailed to the following counsel of record on this 25th day of June, 2004:

Jane B. Emons, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141-0120

William H. Paetzold